FILED
2012 SEP 25 PM 2:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PASCAL GOYER,<br>JEAN-SÉBASTIEN GAUDREAULT,<br>CHARLES BONAVENTURA,<br>PASCAL GAUDREAULT,<br>GABRIEL FRENETTE, and<br>KEZIA CROME,<br>Defendants. | No. CR 12- CR12-0917<br>I N D I C T M E N T<br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1349: Attempted Wire Fraud; 18 U.S.C. § 2(a): Aiding and Abetting] |

The Grand Jury charges:

COUNTS ONE THROUGH TWENTY-THREE

[18 U.S.C. §§ 1343, 1349, 2(a)]

A. INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Indictment:

a. Defendants PASCAL GOYER ("GOYER"), JEAN-SÉBASTIEN GAUDREAULT ("J.-S. GAUDREAULT"), CHARLES BONAVENTURA ("BONAVENTURA"), PASCAL GAUDREAULT ("P. GAUDREAULT"), GABRIEL

//

EML:eml

FRENETTE ("FRENETTE"), and KEZIA CROME ("CROME") resided in or near Montreal, in Quebec, Canada.

b. MoneyGram and Western Union were financial service companies that allowed a person to transfer money to another person virtually anywhere in the world. The sender would put the money into the MoneyGram or Western Union system and provide for the money to be picked up by, i.e., paid out to, an identified recipient. According to MoneyGram and Western Union rules, for transactions over specified threshold amounts, the recipient was required to provide photographic identification and other information in order to obtain the money from a MoneyGram or Western Union agent.

B. THE SCHEME TO DEFRAUD

2. Beginning on a date unknown to the Grand Jury, but at least as early as in or about July 2011, and continuing until at least in or about October 2011, in Los Angeles, Orange, Riverside, San Luis Obispo, and San Bernardino Counties, within the Central District of California, and elsewhere, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, aiding and abetting each other, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, executed, and attempted to execute a scheme to defraud victims as to material matters, and to obtain money and property from such victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3. The scheme to defraud operated, in substance, as follows:

a. Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers, operating

in Canada, would contact elderly victims throughout the United States by telephone. Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers would then falsely and fraudulently induce the elderly victims to send money through the following fraudulent devices, among others: Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and the other co-schemers would falsely and fraudulently claim to be the victim's grandchild or other relative, and to be in trouble in a foreign country, such as Canada, Mexico, or the Dominican Republic. Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and the other co-schemers would then falsely and fraudulently represent to the victim that they needed the victim to send money in order to resolve the purported problem. For example, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers, falsely and fraudulently claiming to be the grandchild or other relative of the victim, would represent that he or she had been in a car accident and/or had been arrested and needed the money to be released on bail and/or to cover expenses arising from the purported accident. On other occasions, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers would falsely and fraudulently claim to be an attorney or other agent in contact with the grandchild or other relative and acting to assist the grandchild or other relative.

b. Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers would direct the victims to send money via Western Union or MoneyGram,

listing either the name of the grandchild or other relative, or the name of the supposed attorney or agent as the intended recipient. When victims sent funds by MoneyGram or Western Union, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers would arrange for those funds to be converted to cash for the benefit of defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers in the following ways, among others:

i. Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers would obtain from the victim the unique transaction number associated with the victim's Western Union or MoneyGram transaction.

ii. In some instances, using the transaction number or other information provided by the victims, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and the other co-schemers would fraudulently retrieve the funds from the MoneyGram or Western Union system by inputting the transaction number and other information provided by the victim, thereby falsely assuming the identity of the intended recipient, in contravention of the rules and policies of MoneyGram and Western Union. In other instances, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers would provide the name of a supposed attorney or other agent to whom the victim was instructed to wire the money, and co-schemers would then retrieve the money from MoneyGram or Western Union using the name of the intended recipient that had been provided to the victim.

c. In some instances, after a victim sent money via MoneyGram or Western Union as instructed by defendants GOYER,

J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers would re-solicit that victim and induce him or her to send additional money, claiming that the additional money was needed by the grandchild or other relative to fully resolve the problem that the victim had initially been contacted about.

d. In no instance were defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, or FRENETTE, or any other co-schemer actually related to the victims or associated with the grandchildren or other relatives of the victims.

4. In furtherance of the above-described scheme to defraud, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers made and caused to be made to victims the following false and fraudulent representations and promises, among others:

a. That the caller was the victim's grandchild or other relative;

b. That the caller was an attorney or other agent acting for or at the behest of the victim's grandchild or other relative;

c. That the grandchild or other relative was in a country other than the United States;

d. That the grandchild or other relative was in legal and/or financial trouble; and

e. That the grandchild or other relative needed the victim to send money in order to resolve the legal and/or financial trouble.

5. In truth and in fact, as defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME then well knew, the representations and promises described above in paragraph four were materially false in the following respects, among others:

a. Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers were not any victim's grandchild or other relative and had no affiliation with any victim's grandchild or other relative;

b. Defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers had no knowledge or reason to believe that the victim's grandchild or other relative was in a country other than the United States and/or was in legal and/or financial trouble; and

c. The money sent by the victims would not be used to resolve any problem faced by the grandchild or other relative, but rather would be used for the benefit of defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, and other co-schemers.

C. <u>USE OF THE WIRES</u>

6. On or about the dates set forth below, within the Central District of California and elsewhere, defendants GOYER, J.-S. GAUDREAULT, BONAVENTURA, P. GAUDREAULT, FRENETTE, and CROME, aiding and abetting each other, for the purpose of executing and attempting to execute the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ONE | 7-26-2011 | Telephone call between a co-schemer, using the name "Steven" in Montreal, Quebec, Canada, and victim C.H., in Irvine, California, USA |
| TWO | 7-26-2011 | $2,962 wire transfer by Western Union/MoneyGram, from victim C.H. in Irvine, California, USA, received in Panama City, Panama, in the name of "Wilson Malcolm" |
| THREE | 9-1-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victims D.N. and O.N. in Rialto, California, USA |
| FOUR | 9-1-2011 | $2,600 wire transfer by Western Union from victims D.N. and O.N. in Rialto, California, USA, received in Bridgeport, Connecticut, USA, in the name "Mike Kennedy" |
| FIVE | 9-30-2011 | Telephone call between a co-schemer, using the name "Cory Higgins," in Montreal, Quebec, Canada, and victim G.H., in Canyon Country, California, USA |
| SIX | 9-30-2011 | $2,500 wire transfer by Western Union from victim G.H. in Canyon Country, California, USA, received in Mexico City, Mexico |
| SEVEN | 10-3-2011 | Telephone call between a co-schemer, using the name "Shad Sims," in Montreal, Quebec, Canada, and victim P.S. in Panorama City, California, USA |
| EIGHT | 10-3-2011 | $2,200 wire transfer by Western Union from victim P.S. in Burbank, California, USA, received in Cuautitlan, Mexico, in the name of "Rosa Maria Acosta" |
| NINE | 10-7-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim A.G. in Porter Ranch, California, USA |
| TEN | 10-7-2011 | $2,500 wire transfer by Western Union from victim A.G.'s daughter, M.G., in Tarzana, California, USA, received in Mexico City, Mexico in the name "John Fishman" |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| ELEVEN | 10-13-2011 | Telephone call between a co-schemer, using the name "Corrie Short" in Montreal, Quebec, Canada, and victim W.S., in San Luis Obispo, California, USA |
| TWELVE | 10-13-2011 | $1,000 wire transfer by Western Union from victim W.S. in San Luis Obispo, California, USA, received in Mexico City, Mexico, in the name "Matthew Yaremovich" |
| THIRTEEN | 10-26-2011 | Telephone call between a co-schemer using the name "Nigel," in Montreal, Quebec, Canada, and victim A.L., in Mission Viejo, California, USA |
| FOURTEEN | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim L.B., in Los Angeles, California, USA |
| FIFTEEN | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim J.B. in Hacienda Heights, California, USA |
| SIXTEEN | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim E.N. in Murrieta, California, USA |
| SEVENTEEN | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim A.N., in Los Angeles, California, USA |
| EIGHTEEN | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim L.H., in Newport Beach, California, USA |
| NINETEEN | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and a victim with last initial B., in Los Angeles, California, USA |
| TWENTY | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim A.P., in Huntington Beach, California, USA |
| TWENTY-ONE | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim P.S. in Upland, California, USA |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TWENTY-TWO | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim E.S. in Upland, California, USA |
| TWENTY-THREE | 10-26-2011 | Telephone call between a co-schemer in Montreal, Quebec, Canada, and victim L.B., in Walnut, California, USA |

A TRUE BILL

/s/

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

RANEE KATZENSTEIN
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ELLYN M. LINDSAY
LANA MORTON-OWENS
Assistant United States Attorneys
Major Frauds Section